IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DANNY HAMMOND, )
)
)
Plaintiff, )
)
vs. ) Case No. 14-0032-CV-W-ODS
)
FIRST MAGNUS CORPORATION, et al.)
)
Defendants. )

## ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION TO REMAND; AND (2) DISMISSING SOUTH & ASSOCIATES AND MILLSAP & SINGER, P.C.

Pending is Plaintiff's Motion to Remand (Doc. # 19). Defendants Millsap & Singer, P.C. ("M&S"), Nationstar Mortgage, LCC, and Bank of America, N.A. (collectively "Defendants") oppose remand. For the reasons set forth below, Plaintiff's Motion to Remand is denied.

Although not completely clear from the state-court Petition (hereinafter "Complaint"), Plaintiff Danny Hammond ("Plaintiff") makes claims arising from two sets of allegations: (1) activities concerning non-judicial foreclosures on properties identified as 305 Canal, 307 Canal, 309 Canal, and 311 Canal, in Belton, Missouri; and (2) the unenforceability of promissory notes and deeds of trust concerning the properties. On November 22, 2013, Plaintiff filed this lawsuit in the Circuit Court of Cass County, Missouri, alleging four counts: (1) quiet title; (2) "conversion of a negotiable instrument unjust enrichment including punitive damages" against Defendant Bank of America, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), Seterus, and Nationstar Mortgage; (3) breach of fiduciary duty against South & Associates ("S&A") and M&S; and (4) alleged violations of the Missouri Merchandising Practices Act against First Magnus Financial Corporation, BANA, Fannie Mae, Seterus, Nationstar Mortgage, S&A, and M&S. Complaint (Doc. # 1-2).

On January 10, 2014, Defendant BANA and Fannie Mae removed this case to

federal court. M&S, Nationstar Mortgage LCC, Seterus, Inc., and S&A filed consents to removal. In their Notice of Removal, BANA and Fannie Mae contend that M&S and S&A's citizenship should be disregarded for purposes of determining diversity, because they have been fraudulently joined to this action. Plaintiff subsequently filed the Motion to Remand.

## II. STANDARD

A federal district court may exercise removal jurisdiction only where the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). If complete diversity does not exist the court will lack federal subject-matter jurisdiction and the case must be remanded. 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of demonstrating that federal subject-matter jurisdiction exists. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. '[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.' *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

III. DISCUSSION

A. S&A and M&S are nominal parties to the quiet title action

A federal court must disregard nominal parties and rest jurisdiction upon the citizenship of the real parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). A defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief south against it. *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-cv-0464-DGK, 2011 WL 5921364, at * 3 (W.D. Mo. 2011) (citing *Mundle v. Linde, LLC*, No. 4:10-cv-2116-DDN, 2011 WL 1526965, at *2 (E.D. Mo. 2011).

Under Missouri law, a trustee is not an indispensable party to an action affecting a deed of trust. *Libby v. Uptegrove*, 988 S.W.2d 131, 132 (Mo. App. 1999). A deed of trust is "a conveyance in fee by the mortgagor to the trustee to secure a debt . . . it is not considered to vest title in the trustee, and does nothing more than create a lien in favor of the mortgagee . . . . ." *Id.* The grantor remains the owner of the land until entry for breach of the condition of the deed of trust. *State ex rel. State Hwy. Comm. V. Thelnor, Inc.*, 485 S.W.2d 443, 445 (Mo. App. 1972). A trustee in a condemnation action is not an indispensable party because a trustee has no interest in the property. *Id.* Further, a trustee in a lawsuit affecting title to a mortgaged property is not an indispensable party. *Casper v. Lee*, 245 S.W.2d 132, 138-39 (Mo. 1952) (en banc) ("It does not appear from the face of the petition . . . that the trustee claimed any interest under the deed sought to be cancelled or in the land which is involved . . . .).

In this case, Plaintiff does not allege that S&A or M&S, as trustees, claimed any interest under the Deed of Trust. "Ordinarily all parties to an instrument sought to be canceled should be made parties to the suit for cancellation *but this is not true where 'it is obvious that the one not joined as no interest* whatever in the subject matter of the suit.'" *Casper*, 245 S.W.2d at 138 (emphasIs added). The Court concludes that S&A and M&S are not necessary parties or indispensable parties. As trustees, S&A and M&S do not

have an interest under the Deed of Trust and thus are nominal parties to this quiet title action.

B. S&A and M&S were fraudulently joined in the breach of fiduciary duty claim

Count III alleges that S&A and M&S, who were "acting as agents through non-existent Successor Trustee appointments" breached a fiduciary duty to Plaintiff by "intend[ing] to conduct such sales to Bank of America, N.A., Federal National Mortgage Association, Seterus and Nationstar Mortgage, LLC using non-existent credit bids" and "fail[ing] to ascertain that Bank of America, N.A., Federal National Mortgage Association, Seterus and Nationstar Mortgage, LLC were, in fact, the parties entitled to enforce any notes." Complaint, p. 5 (Doc. # 1-2). Plaintiff does not define which lender appointed S&A or M&S as successor trustees and they do not identify which property was scheduled for foreclosure by which trustee.

The "duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. 1974) (en banc). "A fiduciary relationship does exist between the trustee of a deed of trust and the debtor and creditor." *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. App. 1998) (citing *Spires,* 513 S.W.2d at 378). "The trustee is considered to be the agent of both the debtor and creditor and should perform the duties of the trust with impartiality and integrity." *Id.* (citing *Edwards v. Smith*, 322 S.W.2d 770, 777 (Mo. 1959)). However, for a trustee to be liable for a breach of its fiduciary duties, there must be a "showing of fraud, unfairness, or an abuse of discretion in the execution of the sale." *See Hoer v. Wurdack*, 766 S.W.2d 673, 674 (Mo. App. 1989); *see also Edwards v. Smith*, 322 S.W.2d 770, 777 (Mo. 1959). When a creditor requests that the trustee foreclose on a property, the trustee may proceed "without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should *legally* prevent the foreclosure.'" *Id.* (citing *Spires*, 513 S.W.2d at 378).

If Plaintiff is alleging that M&S and S&A should not have scheduled a foreclosure sale then they have not raised a cause of action. Trustees do not breach a duty by

4

conducting a foreclosure sale.  Further, Plaintiff has failed to raise a cause of action if they are alleging that M&S and S&A failed to investigate the properties' titles because a trustee may proceed without investigating unless the trustee has actual knowledge of anything that would legally prevent the foreclosure.  Plaintiff's Complaint does not allege that M&S and S&A knew of any fact that would indicate that they should not execute the power vested in them by the deed of trust, or that by a reasonable investigation they would have discovered any such fact.  Further, Plaintiff has failed to allege that the M&S or S&A acted fraudulently or unfairly or failed to exercise reasonable diligence in determining the facts before scheduling foreclosure.  Finally, if Plaintiff is alleging that M&S and S&A were not duly appointed as successor trustees, then they have not stated a cause of action—if M&S or S&A were not duly appointed trustees, then they would not be a trustee and thus owed no duty to Plaintiff.  The Court concludes that M&S and S&A were fraudulently joined in the breach of fiduciary duty claim.

### C. Plaintiff's Claim of Alleged MMPA Violations Against S&A and M&S Fail

Count IV attempts to assert a claim under the Missouri Merchandising Practice Act, Mo. Rev. Stat. § 407.010, *et seq.* ("MMPA").  The MMPA prohibits:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact *in connection with* the sale or advertisement of any merchandise in trade or commerce . . . . Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

Mo. Rev. Stat. § 407.020.1 (emphasis added).  The Missouri Court of Appeals has held that "actions occurring after the initial sales transaction, which do not relate to any claims or representations made before or at the time of the initial sales transaction, and which are taken by a person who is not a party to the initial sales transaction" are not made "in connection with" the sale or advertisement of merchandise.  *State ex. rel. Koster v. Professional Debt Management, LLC*, 351 S.W.3d 668 (Mo. App. 2011).

Plaintiff has not alleged that M&S or S&A were involved in the initial sales

transaction or that their actions relate to any representations made before or at the time of the initial sales transaction. Accordingly, the Complaint does not state a cause of action against M&S or S&A for a violation of the MMPA. The Court concludes that M&S and S&A were fraudulently joined in the MMPA claim.

## IV. CONCLUSION

The Court concludes that M&S and S&A have been fraudulently joined, and thus their citizenship should be ignored for purposes of diversity jurisdiction. The Court dismisses M&S and S&A from this case and denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 8, 2014                    UNITED STATES DISTRICT COURT