IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANNY HAMMOND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 14-0032-CV-W-ODS ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) |
| Defendant. | ) |

<u>ORDER GRANTING MOTION TO FILE RESPONSE OUT OF TIME AND DENYING (1) MOTION TO STAY, (2) MOTION TO APPEAL DENIAL OF REQUEST TO OPT OUT OF MEDIATION AND ASSESSMENT PROGRAM, AND (3) MOTION TO DISMISS FOR LACK OF PROSECUTION</u>

1. Plaintiff's Motion for Leave to File out of Time (Doc. # 84) is granted, and the Court will consider the arguments presented in Plaintiff's Suggestions attached to that motion.

2. Plaintiff's Motion for Stay of Associate Circuit Court Proceedings (Doc. # 62) is denied. In December 2013, Defendant Federal National Mortgage Association ("FNMA") filed an unlawful detainer action in the Circuit Court of Cass County, Missouri, where the case was assigned to that Court's Associate Circuit Division. Plaintiff was among the defendants in that case. In June 2014, the Associate Circuit Court issued a Journal Entry of Judgment in FNMA's favor. Plaintiff sought a trial de novo in the Circuit Court. On September 30, the Circuit Court granted FNMA's Motion for Summary Judgment. Plaintiff did not appeal so the Circuit Court's judgment is final.

Plaintiff's Motion to Stay sought to stay the proceeding in Associate Circuit Court, and was filed the day before the Associate Circuit Court issued its ruling. The motion is denied for three reasons. First, it is doubtful the Court could stay the state court proceeding even if it wanted to. <u>See</u> 28 U.S.C. § 2283. Second, the Associate Circuit Court has already ruled, so the Court cannot stay that proceeding. Third, there is already a final judgment in the matter by virtue of the subsequent proceedings in Circuit Court, so the Court cannot provide any relief.

3. FNMA's motion seeking, essentially, an order excusing it from participation in the Mediation and Assessment Program (Doc. # 73) is denied. As will be discussed in a contemporaneous order, the Court cannot conclude Plaintiff's claims are totally devoid of merit. The Court does not excuse parties from participation based on claims that the case cannot be resolved at mediation no matter how much they protest; if this tactic were successful, nobody would ever mediate. While it may be that Defendant is unwilling to turn the property over to Plaintiff, it may be that there are other means of resolving this matter on mutually acceptable terms. Finally, as discussed more fully below, the Court intends to accord Plaintiff the latitude due to a pro se litigant, and FNMA's complaints that Plaintiff has not fully adhered to the Court's rules are not a persuasive reason to obviate the parties' participation in the MAP.

4. FNMA's Motion to Dismiss for Lack of Prosecution (Doc. # 74) is denied. Focusing on the allegations that actually relate to the claimed lack of prosecution (and not, as has been FNMA's tendency, errors born of Plaintiff's pro se status, such as including incorrect parties in the original suit), the Record reflects the following events. After this case was removed to federal court from state court, the original defendants filed multiple motions to dismiss and Plaintiff filed a Motion to Remand and two separate motions seeking to file amended complaints (with two separate amended complaints proposed). On April 8, the Court directed Plaintiff to file an Amended Complaint within two weeks and directed that the Amended Complaint not include (1) claims against the fraudulently joined defendants or (2) the unrepresented corporate entity as a would-be plaintiff. In anticipation of the filing of an Amended Complaint, the Court denied all pending motions to dismiss without prejudice to being refiled after the Amended Complaint was filed.

Unfortunately, Plaintiff did not file an Amended Complaint, and on June 12 the Court directed Plaintiff to file an Amended Complaint by June 20 and warned that failure to do so would "result in dismissal of this case in its entirety." On June 23, the Clerk of Court filed (because Plaintiff is pro se) what Plaintiff has entitled his Corrected Second Amended Complaint ("SAC"). The Record does not reflect the day that Plaintiff delivered the SAC to the Courthouse for filing – so it cannot be definitively ascertained that the Amended Complaint was late. Even if the Second Amended Complaint was

late, the Court implicitly accepted the Second Amended Complaint on June 27 when, instead of dismissing the case, the Court issued an Order construing it as asserting claims against only FNMA and dismissing all of the other defendants that had been originally named.

On July 9, FNMA filed a Motion to Dismiss. Plaintiff did not respond within the time allotted by the Local Rules. After the Court issued an Order directing Defendant to provide supplemental briefing, Plaintiff filed a motion seeking leave to file a response out of time. This is the motion that is granted in the first paragraph of this Order.

FNMA recounts this history and argues the case should be dismissed because Plaintiff has failed to prosecute and has disobeyed the Court's orders. The motion is not well-taken. The Court starts with the observation that Plaintiff is pro se; while he is expected to know and follow the Court's rules, the Court must also give him some latitude. Regardless of Plaintiff's pro se status, the Court would not dismiss the case even if Plaintiff were represented by counsel. The initial directive to file an Amended Complaint was addressed in the order setting a date certain; while the Amended Complaint was filed three days late (1) the Court cannot ascertain that it was not delivered to the Courthouse for filing on or before the due date, (2) the Court would be willing to excuse a three-day delay if asked, and (3) the Court would be unwilling to dismiss based on a three day-delay even if it was not asked. Plaintiff was not legally obligated to respond to the Motion to Dismiss; while he ran a significant risk by not presenting his views on the matter, there was simply no requirement that he do so. The Court discerns no basis for dismissing the case for failure to prosecute.

IT IS SO ORDERED.

DATE: November 20, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT