IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANNY HAMMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0032-CV-W-ODS |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant Federal National Mortgage Association's ("Fannie Mae") Motion for Summary Judgment. Doc. #103. For the following reasons, Fannie Mae's motion is granted.

I. BACKGROUND

This case arises from the November 2013 foreclosure sale of three properties (305, 309, 311 Canal) located in Belton, Missouri. Plaintiff Danny Hammond, proceeding pro se, contends that he not only has an interest in those properties, but that his interest in those properties is superior to Fannie Mae's interest in those properties. Before addressing Plaintiff's allegations and arguments, the Court must examine the security interest history in the three properties.

A. Fannie Mae's Interest in the Properties

In July 2002, Claudia Bill-Copping and Frederick Copping ("Mortgagees") purchased the three properties at issue and executed Notes payable to First Magnus Financial Corporation ("First Magnus") and Deeds of Trust, granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in the properties as nominee for First Magnus. Doc. # 104-1, at 5-8; Doc. #104-1, at 10-13; Doc. #104-1, at

15-18; Doc. #104-1, at 28-49; Doc. #104-1, at 94-115; Doc. #104-2, at 32-53.[1] The Deeds of Trust were recorded with the Cass County, Missouri Recorder of Deeds. Doc. #104-1, 28-49, Doc. #104-1, at 94-115; Doc. #104-2, at 32-53.

In April and May 2012, MERS assigned the mortgages and deeds of trusts related to the three properties to Bank of America ("BOA"), and these assignments were recorded with the Cass County, Missouri Recorder of Deeds. Doc. #104-1, at 51-53; Doc. #104-2, at 2-4; Doc. #104-2, at 55-57. According to the facts set forth by Fannie Mae, which, as discussed *infra*, are not disputed by Hammond, Mortgagees defaulted on their loans for the three properties in or about July 2012. Doc. #104-1, at 65-66, 68-69, 71, 74; Doc. #104-2, at 24-25, 27-30.

Thereafter, in October 2012, BOA assigned the mortgages and deeds of trusts related to the three properties to Fannie Mae, and those assignments were recorded with the Cass County, Missouri Recorder of Deeds. Doc. #104-1, at 56-57; Doc. #104-2, at 6-8; Doc. #104-2, at 59-61. In October 2013, Fannie Mae appointed a successor trustee (South & Associates, P.C.) for the three properties, and recorded those appointments with the Cass County, Missouri Recorder of Deeds. Doc. #104-1, at 60-61; Doc. #104-2, at 10-12; Doc. #104-2, at 63-65.

In November 2013, the three properties were sold at a trustee's sale following the publication and service of the notice of sale. Doc. #104-1, at 76-84, Doc. #104-2, at 14-22; Doc. #104-2, at 67-75. According to the evidence set forth by Fannie Mae, which has not been disputed by Hammond, notices of the sales were sent to Hammond (and others) via certified mail, and were published in a weekly newspaper of general circulation in Cass County, Missouri. Doc. #104-1, 81-84; Doc. #104-2, at 19-22; Doc. #104-2, at 71-75. Fannie Mae was the highest bidder at the sale for all three properties;

---

[1] Fannie Mae did not properly authenticate the three notes at issue. That is, a law firm's paralegal cannot authenticate a client's business records. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e)." Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (quoting Stuart v. Gen. Motors Corp., 217 F.3d 621, 635-36 n.20 (8th Cir. 2000)). Nonetheless, the Deeds of Trust, which are material to Defendant's motion and incorporate the issued notes, were properly authenticated. Fed. R. Evid. 902.

2

thus, the three properties were conveyed to Fannie Mae by Trustee's Deeds, which were recorded with the Cass County, Missouri Recorder of Deeds. Doc. #104-1, at 76-84, Doc. #104-2, at 14-22; Doc. #104-2, at 67-75.

### B. Hammond's Interest in the Properties

Meanwhile, it appears that in October 2005 Hammond and Overton Plaza Court, L.C. ("Overton Plaza") lent Mortgagees $50,000, which was secured by six properties, three of which are at issue in this lawsuit. Doc. #60-1, at 1-2. A Second Deed of Trust on the properties was executed and registered with the Cass County, Missouri Recorder of Deeds, listing Overton Plaza and Hammond as beneficiaries. Doc. #60-1, at 3-15. The Second Deed of Trust specifically stated it was "subordinate to the First Deed of Trust and the debt represented by such First Deed of Trust to the holder or its assigns." Doc. #60-1, at 5. It also stated that the Grantor warrants to beneficiary good title to the property "except for the First Deed of Trust of Record…" Id.

In July 2012, it seems that Overton Plaza and Hammond appointed a successor trustee, David Cofelt. Doc. #60-1, at 16-18. The Successor Trustee's Deed, as best the Court can tell, was filed with the Cass County, Missouri Recorder of Deeds. Doc. #60-1, at 19-24. In August 2013, two of the properties may have been sold at a foreclosure sale by Cofelt. Doc. #60-1, at 25.

Hammond filed this lawsuit against several defendants, alleging various claims. Over the course of this litigation, all but one defendant (Fannie Mae) remains, and only two types of claim remain: (1) claim to quiet title, and (2) wrongful foreclosure. Doc. #90.

## II. DISCUSSION

### A. Legal Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party

3

is entitled to a judgment as a matter of law." See Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

B. Hammond's Failure to Respond to Fannie Mae's Summary Judgment Motion

On May 22, 2015, Fannie Mae filed its motion for summary judgment. Doc. #103. Hammond's response to the summary judgment motion was due on June 15, 2015; however, he did not file a response. On June 24, 2015, Hammond sought leave to file a response out of time. Doc. #105. The Court granted his request and directed him to file his response by August 21, 2015. Doc. #110. That deadline has come and gone, and to date, Hammond has failed to file any response to the pending summary judgment motion.

Pursuant to Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." L.R. 56.1(a). Consequently, Hammond's failure to respond to Fannie Mae's purported facts deems those facts admitted for the purpose of the pending motion. Id. The Court, however, has examined the facts asserted by Fannie Mae to ensure that they are supported by admissible

4

evidence, and the Court, as required, has viewed the evidence in the light most favorable to Hammond.  See Matsushita Elec. Indus., 475 U.S. at 588-89.

### C. Quiet Title Claim

Hammond alleges his interests in the three properties are superior to Fannie Mae's interests, and accordingly, he instituted a quiet title action.  In Missouri, an individual may bring a statutory cause of action to determine his interest in real property and quiet another party's title to that land.

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Mo. Rev. Stat. § 527.150.1.  "In a quiet title action, where each party is claiming title against the other party, the burden of proof is upon each party to prove better title than that of his adversary."  Sharp v. Crawford, 313 S.W.3d 193, 199 (Mo. Ct. App. 2010) (internal quotation and citation omitted).  To prevail in a quiet title action "it is not necessary that plaintiffs establish an indefeasible title against the whole world, but only that their title is good as against the defendants."  Id. (citations omitted); see also Ollison v. Vill. of Climax Springs, 916 S.W.2d 198, 203 (Mo. banc 1996) (citations omitted).  Importantly, a plaintiff cannot sustain a cause of action for quiet title where he fails to show superior title to the property at issue.  Ollison, 916 S.W.2d at 203.

Here, there is no genuine issue of material fact as to which party has superior title.  As discussed above, Fannie Mae recorded its Deeds of Trusts on the subject properties years before Hammond registered his Second Deed of Trust on the subject properties.  See supra, section I(A).  In fact, Hammond's Second Deed of Trust specifically referred to Fannie Mae's Deeds of Trust and expressly stated that his and his company's interests were "subordinate" to those Deeds of Trust.  Doc. #60-1, at 5.

5

Thus, there is no genuine issue of material fact that Fannie Mae's interests in the properties are superior to Hammond's interests in the properties. Summary judgment is granted in Fannie Mae's favor with regard to Hammond's quiet title claim.

### D. Wrongful Foreclosure Claims

In Missouri, "wrongful foreclosure" has been used in suits at law for recovering tort damages and in suits in equity as a basis for setting aside a foreclosure sale. Fields v. Millsap & Singer, P.C., 295 S.W.3d 567, 571 (Mo. Ct. App. 2009) (citation omitted); see also Lackey v. Wells Fargo Bank, N.A., 747 F.3d 1033, 1037 (8th Cir. 2014) (citation omitted). To maintain a tort action of wrongful foreclosure, the plaintiff "must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." Dobson v. Mortgage Elec. Registration Sys./GMAC Mortgage Corp., 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (citation omitted).

Hammond alleged that he was not in default, and the Mortgagees were not in default. Doc. #61, at 17.[2] But there is no issue of material fact regarding default. Fannie Mae has set forth admissible evidence, which is undisputed by Hammond, that Mortgagees were in default. Accordingly, Hammond's quiet title claim (assuming he has standing to bring such a claim) fails, and summary judgment is entered in Fannie Mae's favor on Hammond's wrongful foreclosure claim based in tort.

A wrongful foreclosure action seeking to quiet title or set aside a foreclosure sale is permitted when the plaintiff alleges certain wrongful acts that are sufficient to render the foreclosure sale void. Lackey, 747 F.3d at 1037 (citations omitted); Dobson, 259 S.W.3d at 22. As best the Court can discern, Hammond's wrongful foreclosure claim is based upon his arguments that Fannie Mae failed to comply with the Uniform Electronic Transfers Act when it electronically transferred the Deeds of Trust; the assignments of the Deeds of Trust were "false," "incomplete," "invalid" and "bogus"; and the foreclosure

---

[2] Because Hammond repeated paragraph numbers in his Amended Complaint (Doc. #61), the Court's pinpoint references within Hammond's Complaint are to page numbers, not paragraph numbers.

6

sale was fraudulent and/or invalid. Doc. #61, at 6-7, 9, 11, 15, 18-20. Hammond did not allege that he did not receive proper notice of the foreclosure sale.

A review of the record before the Court does not buttress any of Hammond's arguments. Instead, the record establishes that Fannie Mae legally transferred the Deeds of Trust; the assignments were not false, incomplete, or invalid (see supra, section I(A)); and Fannie Mae and its appointed trustee abided by the statutes governing foreclosure sales. Further, the evidence before the Court shows that the foreclosure sale was properly noticed, and that Fannie Mae had the authority to foreclose on the properties. Hammond has not set forth any evidence showing the existence of any wrongful act sufficient to render the foreclosure sale void, and the Court's review of the record reveals no such wrongful acts.

There are no genuine issues of material fact regarding Fannie Mae's right to foreclosure on the properties at issue or the procedures utilized to foreclose on these properties. Thus, summary judgment is granted in Fannie Mae's favor with regard to Hammond's wrongful foreclose claim based in equity.

### III.  CONCLUSION

Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

                                         /s/ Ortrie D. Smith
                                         ORTRIE D. SMITH, SENIOR JUDGE
DATE:  September 25, 2015          UNITED STATES DISTRICT COURT